IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| ALSON ALSTON a/k/a AL ALSTON d/b/a | * | Chapter 11 |
| ALSTON BUSINESS CONSULTING, d/b/a | * | Case No.: 1-14-bk-03454 MDF |
| SONGHAI CITY LLC, d/b/a SONGHAI | * | |
| ENTERPRISES, LLC, d/b/a SONGHAI CITY | * | |
| ENTERTAINMENT, LLC, d/b/a SONGHAI | * | |
| CITY REAL ESTATE, LLC, d/b/a ENCORE | * | |
| GENERAL MERCHANDISE, LLC, d/b/a | * | |
| ENCORE GENERAL STORE, d/b/a DRAGON | * | |
| MANAGEMENT SERVICES, | * | |
|     Debtor | * | |
| | * | |
| AS PELEUS LLC, a DELAWARE | * | |
| LLC, its assignees and/or successors | * | |
| in interest, | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| ALSON ALSTON a/k/a AL ALSTON d/b/a | * | |
| ALSTON BUSINESS CONSULTING, d/b/a | * | |
| SONGHAI CITY LLC, d/b/a SONGHAI | * | |
| ENTERPRISES, LLC, d/b/a SONGHAI CITY | * | |
| ENTERTAINMENT, LLC, d/b/a SONGHAI | * | |
| CITY REAL ESTATE, LLC, d/b/a ENCORE | * | |
| GENERAL MERCHANDISE, LLC, d/b/a | * | |
| ENCORE GENERAL STORE, d/b/a DRAGON | * | |
| MANAGEMENT SERVICES, | * | |
|     Respondent | * | |

## OPINION

### I. Procedural History

On July 28, 2014, Alson Alston ("Debtor") filed the above-captioned bankruptcy case.[1]

On May 14, 2015, AS Peleus, LLC ("Peleus") filed a motion for relief from the automatic stay.

In its motion, Peleus alleged that Debtor was the owner of real estate located at 2836-2838 West

---

[1] Although he filed his case *pro se*, Debtor was about to commence his third year of law school on the date of his petition. The representations made in the Motion now before me further indicate that he has earned his Juris Doctorate and is preparing for the Bar Examination.

Girard Avenue, Philadelphia, Pennsylvania against which its predecessor in interest, Capital One Bank ("Capital One"), had filed a mortgage foreclosure action in state court in August 2008. This action was apparently still pending when Debtor filed a bankruptcy petition in the Eastern District of Pennsylvania in June 2012. During the course of the Eastern District case, Capital One obtained an Order granting relief from the stay to allow it to pursue the foreclosure proceeding.

On March 12, 2013, Peleus was substituted as plaintiff in the foreclosure action. After a bench trial, Debtor obtained a verdict in his favor based on a finding that Peleus did not meet its burden to prove standing as the mortgage holder. Before judgment on the verdict was entered, Peleus filed post-trial motions to set aside the verdict. Before the post-trial motions were held, Debtor filed the instant bankruptcy case, which halted the state court action.

On May 14, 2015, Peleus requested relief from the stay to allow the post-trial motions to be resolved in state court. On June 1, 2015, Debtor filed an answer to the motion and included New Matter challenging the standing of Peleus to file a motion for relief from the stay. After a hearing on June 9, 2015, the Court granted relief from the stay for the limited purpose of allowing the post-trial motions to be adjudicated. At the hearing, the Court took pains to explain to Debtor that the issue of Peleus's standing to pursue mortgage foreclosure, which Debtor raised in the New Matter to Peleus's relief motion, was the subject of the verdict rendered in his favor in the state court proceeding. Therefore, it would be in the interest of judicial economy for the state court to finally resolve the issue through a final judgment on Peleus's post-trial motions. The Order stated that the sole purpose of relief from the stay was to allow final judgment to be entered on the issues set forth in the state court verdict and did not extend to a determination as

2

to whether a judgment in mortgage foreclosure should be entered..

On June 16, 2015, Debtor filed a Motion requesting the Court to reconsider its Order. The Motion set forth several arguments for reconsideration, all of which were at their core a reiteration of Debtor's argument as to Peleus's lack of standing. The instant Opinion will address for the record the reasons why the issue of standing should be addressed in state court.[2]

## II. Discussion

Under 11 U.S.C. § 362(d)(1), a court may grant a party in interest relief from the automatic stay for "cause." Such cause may encompass a party's need to pursue the resolution of pre-petition litigation against the debtor in state court. *In re Residential Capital, LLC*, 508 B.R. 838 (Bankr. S.D. N.Y. 2014). A proceeding before the bankruptcy court under § 362(d)(1) is considered to be a "summary proceeding of limited effect." *In re Mullarkey*, 536 F.3d 215, 226 (3d Cir. 2008). "[S]uch hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but [are] simply a determination as to whether a creditor has a colorable claim to property of the estate." *Id.* Accordingly, it is appropriate for a bankruptcy court to decline to rule on the New Matter set forth in a debtor's answer to a relief from stay motion, especially when the ultimate issue raised in New Matter will be necessarily determined in the state court litigation.

Although it was appropriate for Debtor to raise the standing issue, the limited relief being

---

[2]This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(B) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is applicable to contested matters pursuant to Fed. R. Bank. P. 9014.

3

granted does not limit his ability to continue to assert in state court that Peleus lacks standing as a creditor. Debtor fails to appreciate that at this point the state court proceedings *have been resolved in his favor.* The burden in state court will now be on Peleus to demonstrate why the verdict should be overturned.

In his Motion for Reconsideration, Debtor argues that if this Court does not rule on the issue of standing, the state court proceedings may be prolonged through appeals, which would waste both judicial and estate resources. To the contrary, starting over in bankruptcy court would be less efficient, more costly, and would not bar Peleus from appealing a final decision rendered by this Court.

Fed. R. Bankr. P. 7001(2) provides that a debtor must initiate an adversary proceeding to determine the validity, priority, or extent of a lien. An adversary proceeding is "a complete civil lawsuit within the bankruptcy action," wherein the litigants may avail themselves of the full panoply of discovery rights and pre-trial proceedings provided for under the Federal Rules of Civil Procedure. *See In re BTR Partnership*, 292 B.R. 188, 192 (D. Neb. 2003). Thus, for this Court to rule as Debtor requests would be to require the parties to expend valuable time to re-litigate issues previously litigated in state court. Accordingly, Debtor's arguments regarding waste to estate and judicial resources are without merit.[3]

---

[3]Debtor's Motion also argues that "[r]econsideration is proper because allowing AS Peleus to go back to state court will dramatically increase [Debtor's] litigation expense, threatening his ability to continue the pursuit of his constitutional bankruptcy rights." (Motion for Reconsideration, ¶ 24.) Debtor's argument is both practically and legally incorrect. Final resolution of the standing issue by the state court will be more efficient, as discussed above, and "the Supreme Court has expressly held that there is no constitutional right to a bankruptcy discharge." *In re Sacred Heart Hosp. of Norristown*, 133 F.3d 237, 244-45 (3d Cir. 1998) (citing *United States v. Kras*, 409 U.S. 434 (1973).

For these reasons, the Motion for Reconsideration will be denied.

By the Court,

Date: June 22, 2015

Mary D. France
Chief Bankruptcy Judge
(JK)

5