IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| ALSON ALSTON, | *   Chapter 11 |
| dba ALSTON BUSINESS CONSULTING | * |
| dba SONGHAI CITY, LLC | *   Case No.: 1:14-BK-03454 MDF |
| dba SONGHAI ENTERPRISES, LLC | * |
| dba SONGHAI CITY | * |
|    ENTERTAINMENT, LLC | * |
| dba SONGHAI CITY REAL ESTATE, | * |
|    LLC | * |
| dba ENCORE GENERAL | * |
|    MERCHANDISE, LLC | * |
| dba ENCORE GENERAL STORE | * |
| dba DRAGON MANAGEMENT | * |
|    SERVICES | * |
| aka AL ALSTON, | * |
|    Debtor. | * |

## OPINION

Alson Alston ("Debtor") filed a Motion to Reinstate Case under Fed. R. Bank. P. 9023 and L.B.R. 9023-1 requesting the Court to reconsider the order entered December 27, 2016 dismissing Debtor's Chapter 11 case (the "Dismissal Order"). More precisely, Debtor requests that his case be reinstated and that the Seventh Amended Disclosure Statement be approved.[1] For the reasons set forth below, Debtor's Motion will be denied. The December 27, 2016 Opinion filed in support of the Dismissal Order, however is amended by the within Opinion to clarify that dismissal of the case is not premised on Debtor's failure to obtain pre-petition credit counseling.[2]

---

[1]Because the case was dismissed, the Seventh Amended Disclosure Statement has not been noticed to creditors.

[2]The Certificate of Credit Counseling filed by Debtor in the case states that Debtor did not obtain credit counseling until August 12, 2014, two weeks after the petition was filed. In his Motion to Reinstate Case, Debtor alleges that he completed the online instruction on July 27, 2014 and that the certificate he filed is incorrect. Debtor submitted documentation that he initiated contact with the counseling agency on July 27, 2014, the day before he filed his petition. This documentation does not state that the counseling was *completed* before Debtor filed his

Relief under Rule 9023 is justified in instances of a clear error of law, of newly discovered evidence, to prevent manifest injustice, or where there is an intervening change in controlling law. Debtor seems to posit his request for relief on the position that reinstatement of his case would prevent a manifest injustice. In deciding Debtor's Motion, I incorporate the findings of fact and conclusions of law set forth in the December 27 Opinion. I will not repeat these findings and conclusions at length except where necessary to clarify the basis for my decision in this matter.

Although I considered the entire history of this case in deciding that dismissal was appropriate, matters were brought to a head at the October 18, 2016 hearing on Debtor's Sixth Amended Disclosure Statement. At that time it became apparent that an evidentiary hearing would be required to resolve the outstanding objections of several secured creditors to the disclosure statement. With numerous issues critical to plan confirmation still unresolved more than two years after the petition was filed, I determined that it was time to consider whether dismissal of the case or transfer of venue to the Eastern District of Pennsylvania was warranted.[3] Therefore, in connection with scheduling an evidentiary hearing on the Sixth Disclosure Statement, I also issued an order directing Debtor to show cause why the case should not be dismissed and an order to show cause why the case should not be transferred to the Eastern District of Pennsylvania.

---

petition, but because numerous other grounds support dismissal of the case, for purposes of the Dismissal Order I will assume that the counseling requirement was met.

[3] Transfer of venue was considered for convenience of the parties because Debtor no longer has connections to the Middle District of Pennsylvania. He resides in the Eastern District of Pennsylvania and the majority of his property is in the Eastern District. Further, most of the secured creditors are represented by counsel from either the Eastern District or New Jersey, and the City of Philadelphia is a major creditor.

2

Concerned that Debtor would file an amended plan at the eleventh hour as he had done in the past, I also included in the October 19, 2016 Order a requirement that if Debtor intended to file a further amended disclosure statement, he must do so by November 22, 2016. On November 23, 2016, Debtor filed a Seventh Amended Disclosure Statement in violation of the Court's deadline.

The gravamen of Debtor's motion requesting that I reconsider dismissal of his case is that I did not follow the proper procedures and did not provide adequate proof to support dismissal of the case. The alleged substantive errors include dismissal of the case in the absence of an "emergency" and the failure to meet my burden to establish cause under § 1112. Debtor also alleges the Court committed numerous procedural errors and generally failed to afford Debtor due process. The procedural errors include the Court's continuance of the October 18 hearing in the absence of a provision in the Bankruptcy Code authorizing a preliminary hearing for the approval of a disclosure statement. Debtor also argues that the order to show cause issued by the Court was prejudicial and improper because it shifted the burden to Debtor to demonstrate that he could "create a confirmable plan of reorganization." Motion to Reconsider, B(a)11.[4] Debtor also argued that it was improper for the Court to bring a motion to dismiss under § 1112, as only a creditor or the United States Trustee are authorized to file a motion under this section.

Debtor's arguments for reconsideration are without merit primarily because he fails to understand the Court's role in the administration of Chapter 11 cases. The Court issued the order to show cause as to why the case should not be dismissed because Debtor had not demonstrated

---

[4]Debtor also argues that the Court made numerous errors at the October 18 hearing by not enforcing the Federal Rules of Evidence. The October 18 hearing was not an evidentiary hearing so the Rules of Evidence were not applicable.

3

that he was capable of obtaining approval of a disclosure statement, let alone confirmation of a plan of reorganization. Before a debtor can solicit acceptances of a plan of reorganization he must obtain the approval of a disclosure statement. As I explained in my December 27 Opinion, during the twenty-eight months Debtor was in bankruptcy, he was unable to prepare a disclosure statement with information adequate to meet the requirements of 11 U.S.C. § 1125(A)(1). In particular, after eight attempts,[5] Debtor failed to set forth a meaningful liquidation analysis or to develop a projected budget that included a complete listing of income and expenses. Having held creditors at bay for more than two years and with the likelihood of confirming a plan becoming ever more remote, the Court determined that it was appropriate to afford one last opportunity for Debtor to demonstrate why his case should not be dismissed. This he failed to do.

Under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C § 105(a). Although a creditor or the United States Trustee may move under § 1112 to dismiss a case, the bankruptcy court has the power to dismiss a case sua sponte. "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* "Bankruptcy Courts are not required to retain Chapter 11 cases on their dockets which cannot achieve their *raison d'etre*, i.e., confirmation of a reorganization plan." *In re 266 Washington Assocs.*, 141 B.R. 275, 288-89 (Bankr. E.D.N.Y., *aff'd sub nom. In re Washington Assocs.*, 147 B.R. 827 (E.D.N.Y. 1992), *see*

---

[5]In addition to the six amended disclosure statements, Debtor also filed a "Corrected Third Amended Disclosure Statement" and a "Corrected Fifth Amended Disclosure Statement."

4

also *In re Rosson,* 545 F.3d 767, 771 n.8 (9th Cir. 2008) ("Although the statute provides for conversion 'on request of a party . . . or the . . . trustee,' . . . , there is no doubt that the bankruptcy court may also convert on its own motion. See *id* §105(a) . . . ."); *Finney v. Smith (In re Finney)*, 992 F.2d 43, 45 (4th Cir. 1993) ("A bankruptcy court may act under § 1112(b) on the motion of a party in interest or *sua sponte* as 'necessary and appropriate' under § 105."); *In re Congoleum, Corp.*, 414 B.R. 44, 60 (D. N.J. 2009) (holding that a bankruptcy court may convert or dismiss a case for cause sua sponte if the parties are provided appropriate notice under Fed. R. Bankr. P. 2002(a)(4)); *Argus Group 1700, L.P. v. Steinman (In re Argus Group 1700, L.P.)*, 206 B.R. 757 (E.D. Pa. 1997) (holding that under § 105(a) a bankruptcy court may sua sponte dismiss a Chapter 11 case for cause under § 1112(b)).

Having determined that I have the authority under § 105(a) to sua sponte dismiss a Chapter 11 petition and having set forth in my December 27, 2016 Opinion the reasons I found cause for dismissal under 11 U.S.C. § 1112(b), I find no grounds under Rule 9023 to justify reconsideration of my decision dismissing this case. The motion is denied.

**By the Court,**

_____
Mary D. France
Bankruptcy Judge

Date: January 18, 2017